JUSTICE RICE
concurring.
¶56 I disagree with the Court’s assessment of the circumstances leading to the covert entry. The circumstances presented a sufficient threat to the officers’ safety to justify their determination to make a no-knock entry. In Any an, we said the following about whether safety concerns amount to “exigent circumstances”:
“[T]he presence of a weapon creates an exigent circumstance, provided the government is able to prove they possessed information that the suspect was armed and likely to use a weapon or become violent. Evidence that firearms are within a residence, by itself, is not sufficient to create an exigency to officers when executing a warrant. However, threats to an officer’s safety, a criminal record reflecting violent tendencies, or a verified reputation of a suspect’s violent nature can be enough to provide law enforcement officers with justification to forego the necessity of knocking and announcing their presence.”
Bates, 84 F.3d at 795 (internal citations omitted). “A concern for police safety must be based upon prior knowledge or direct observation that the subject of the search keeps weapons and that such person has a known propensity to use them.”
Anyan, ¶ 44. In State v. Ochadleus, 2005 MT 88, 326 Mont. 441, 110 P.3d 448, we instructed that officers may make a no-knock entry when *388 they had a “reasonable suspicion of exigency.” Ochadleus, ¶ 56.
¶57 Here, it was known that Cassady had a weapon, had a “history of gunplay,” had fired at others before, had earlier been in a violent fight with his son, had taken blows to the head that evening, and may have been intoxicated. One can quibble with whether the decision to proceed covertly was the best exercise of judgment, but given these conditions, it was certainly reasonable “to believe that entry ... was necessary to prevent physical harm to the officers ...” Anyan, ¶ 34.
¶58 Thus, the officers judgment to proceed covertly was justified by circumstances giving rise to a reasonable suspicion of exigency that threatened their safety. Therefore, I concur in the Court’s decision but disagree with its rationale, and I would not reach the second prong of the qualified immunity inquiry. On Issue Two, I agree with the Court’s analysis of the excessive force claim.